UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER K. LOUIS, | CASE NO. 1:10-cv-00656-SMS |
| Plaintiff, | |
| v. | ORDER DENYING DEFENDANT'S MOTION TO ALTER OR AMEND JUDGMENT |
| MICHAEL ASTRUE, Commissioner of Social Security, | (Doc. 21) |
| Defendant. | |

Pursuant to F.R.Civ.P. 59(e), Defendant Michael Astrue, Commissioner of Social Security moves to alter or amend this Court's judgment reversing the Commissioner's denial of disability benefits to Plaintiff and remanding for payment of benefits. The Commissioner contends that reconsideration is necessary to correct the Court's manifest error (1) in making independent findings about the medical evidence and (2) in determining that the Plaintiff's severe impairment (psychotic disorder NOS), as determined by the Commissioner, satisfied the requirements of 20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.03. The Commissioner contends that only the Administrative Law Judge, who was the fact finder in this matter, was entitled to determine whether or not Plaintiff's impairment satisfied the listing criteria. Plaintiff disagrees. This Court agrees with Plaintiff that the Court did not err in rejecting the ALJ's findings of fact, accepting the opinion of the agency's examining physician, and awarding benefits to Plaintiff.

///

///

I.  **Motions to Alter or Amend Judgment**

Rule 59(e) provides only that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of judgment." Among other reasons, Rule 59(e) motion may be granted if "necessary to correct manifest errors of law or fact upon which the judgment is based." *Turner v. Burlington Northern Santa Fe Railroad Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (*emphasis omitted*). Granting a Rule 59(e) motion is a matter of the district court's discretion. *Id.* "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *McDowell v. Calderon*, 197 F.3d 1253, 1255 n. 1 (9th Cir. 1999), *cert. denied*, 529 U.S. 1082 (2000), *quoting* 11 Charles Alan Wright el al., Federal Practice and Procedure § 2810.1 (2d ed. 1995). Neither the Court's rejection of the Commissioner's fact finding nor its determination that the medical evidence in the agency record satisfied the listing criteria constituted manifest error.

II.  **Commissioner's Fact Finding**

"The findings of the Commissioner of Social Security as to any fact, *if supported by substantial evidence*, shall be conclusive." 42 U.S.C. § 405(g) (*emphasis added*). Substantial evidence means "more than a mere scintilla" (*Richardson v. Perales*, 402 U.S. 389, 402 (1971)), but less than a preponderance. *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401. A reviewing court must consider the record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's decision. *Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985).

In weighing the evidence and making findings, the Commissioner must apply the proper legal standards. *See, e.g., Burkhart v. Bowen*, 856 F.2d 1335, 1338 (9th Cir. 1988). The Court must uphold the ALJ's determination that the claimant is not disabled if the ALJ applied the proper legal standards, and if the ALJ's findings are supported by substantial evidence. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008); *Sanchez v. Secretary of Health and Human Services*, 812 F.2d 509, 510 (9th Cir. 1987).

///

As the Commissioner contends, the trier of fact is the final arbiter of conflicting or ambiguous evidence: this is only true, however, if the evidence can support either outcome. *Tommasetti*, 533 F.3d at 1041-42; *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). Here, substantial evidence did not support the ALJ's determination. "Where the Commissioner fails to provide adequate reasons for rejecting the opinion of a treating or examining physician, we credit that opinion 'as a matter of law.'" *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995), *quoting Hammock v. Bowen*, 879 F.2d 498, 502 (9th Cir. 1989). When the Commissioner improperly rejects the claimant's representations of his limitations and the claimant would be disabled if the claimant's representations were credited, a court does not remand solely to allow the ALJ to make specific findings. *Varney v. Secretary of Health and Human Services*, 859 F.2d 1396, 1401 (9th Cir. 1988).

### III.   Assessment of Listing Criteria

When a claimant seeks timely review of the decision of the Commissioner, "[t]he court shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The decision whether to remand to the Commissioner to award benefits is a matter of the Court's discretion. *McAllister v. Sullivan*, 888 F.2d 599, 603 (9th Cir. 1989). "If additional proceedings can remedy defects in the original administrative proceedings, a social security case should be remanded. Where, however, a rehearing would simply delay receipt of benefits, reversal and an award of benefits is appropriate." *Id.* Where, as is the case here, the record is fully developed and further administrative proceedings will serve no useful purpose, a reviewing court should simply reverse and award benefits. *Varney*, 859 F.2d at 1399.

When a court determines that an ALJ erred in rejecting cognizable evidence, it may properly give that evidence the effect required by federal regulations. *Schneider v. Commissioner of Social Security Admin.*, 223 F.3d 968, 976 (9th Cir. 2000). If the Court's analysis makes clear that the claimant's functional limitations meet or equal a listing, it may reverse and remand for payment of benefits. *Id.* When the claimant's mental or physical

impairments clearly satisfy a listing, "[n]o purpose would be served by remanding for further proceedings." *Lester*, 81 F.3d at 834.  A court may remand for payment of benefits when "(1) the ALJ has failed to give legally sufficient reason for rejecting such evidence; (2) there are no outstanding issues that must be resolve before a determination of disability can be made; and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).  *See also Ramirez v. Shalala*, 8 F.3d 1449, 1455 (9th Cir. 1993) ("Where the record is complete . . . we award benefits to the claimant."); *Rodriguez v. Bowen*, 876 F.2d 759,763 (9th Cir. 1989) ("[W]e generally award benefits when no useful purpose would be served by further administrative proceedings."); *Swenson v. Sullivan*, 876 F.2d 683, 689 (9th Cir. 1989) ("We may direct the award of benefits where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed."); *Winans v. Bowen*, 853 F.2d 643, 647 (9th Cir. 1988) (where the court rejected the ALJ's findings rejecting the opinion of a treating physician, it was free to accept the physician's opinion and order payment of benefits without the necessity of remand).

**IV.     Conclusion and Order**

This Court did not err in reversing the ALJ's unsupported findings and remanding for payment of benefits.  The Commissioner's motion to alter or amend the judgment in this action is HEREBY DENIED.

IT IS SO ORDERED.

Dated:    September 11, 2011             /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE