# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEXANDER K. LOUIS, | CASE NO. 1:10-cv-00656-SMS |
| Plaintiff, | |
| | ORDER GRANTING MOTION FOR ATTORNEYS' FEES UNDER 28 U.S.C. § 2412 (D) |
| v. | |
| MICHAEL ASTRUE, Commissioner of Social Security, | |
| Defendant. | (Doc. 27) |
| _____/ | |

Plaintiff moves the Court to grant attorneys' fees of $8783.75 under the Equal Access to Justice Act (28 U.S.C. § 2412 (d)) ("EAJA"). The Government objects to Plaintiff's fee request, contending that its position in the litigation was substantially justified and that the requested amounts are unreasonable. Having reviewed the motion and its supporting documentation, as well as the case file, this Court orders the payment of fees totaling $7041.17.

## I.   Legal and Factual Background

On May 23, 2007, Plaintiff applied for disability benefits based on a 1989 head injury and mental illness. Following a hearing, Administrative Law Judge William C. Thompson, Jr., denied his application. The Appeals Council denied review.

On March 30, 2010, Plaintiff appealed the Commissioner's decision to this Court. On August 12, 2011, the Court reversed the Commissioner's determination and remanded for payment of benefits. In particular, the Court rejected the ALJ's credibility findings, which were based on an unsupported assumption that Plaintiff lied about abusing alcohol, and the ALJ's

1

reliance on the opinion of an agency physician that inexplicably ignored Plaintiff's twenty-year history of psychiatric illness, multiple hospitalizations, hallucinations and delusions, and response to anti-psychotic drugs, and concluded that Plaintiff had nothing more an a mild affective disorder.

On August 23, 2011, the Commissioner moved for reconsideration, accusing the Court of making independent findings about the medical evidence and arguing that the Court exceeded its jurisdiction in determining that Plaintiff's impairment satisfied the requirements of 20 C.F.R., Pt. 404, Subpt. P, App.1, § 12.03.  The Court denied the motion, repeating its rejection of the Commissioner's claim that the medical evidence was ambiguous and reminding Commissioner of precedent holding that when the administrative record is fully developed and further administrative proceedings would serve no useful purpose, the Court has the discretion to simply reverse and remand for the payment of benefits.

On December 6, 2011, Plaintiff filed a motion for attorneys' fees under the EAJA totaling $8496.53.  On December 9, 2011, Plaintiff filed his reply brief as well as the supplementary declaration of Plaintiff's attorney, Harvey P. Sackett, seeking to add 1.6 additional hours ($297.22) to the billing for time spent preparing the reply brief in this motion.  Thus, Plaintiff's EAJA fee request totals $8783.75.

**II.    Substantial Justification**

28 U.S.C. § 2412(d)(1)(A) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

A prevailing party under the EAJA is one who has gained by judgment or consent decree a material alteration of the legal relationship of the parties. *Perez-Arellano v. Smith*, 279 F.3d 791, 794 (9th Cir. 2002).  The parties do not disagree that Plaintiff is a prevailing party for purposes of the EAJA.  The Commissioner opposes Plaintiff's fee request arguing that, because

the Commissioner's position in the litigation was substantially justified, Plaintiff is not entitled to receive attorneys' fees pursuant to EAJA.

The government carries the burden of proving substantial justification by showing that its position advanced "a novel but credible extension or interpretation of the law." *Hoang Ha v. Schweiker*, 707 F.2d 1104, 1106 (9th Cir. 1983). Whether a litigation position was substantially justified requires a position with a reasonable basis in both law and fact. *Timms v. United States*, 742 F.2d 489, 492 (9th Cir. 1984). To determine whether the government's litigation position was substantially justified in the Ninth Circuit, a court must consider the totality of the circumstances present prior to and during the litigation. *Id.* "In making a determination of substantial justification, the court must consider the reasonableness of both 'the underlying government action at issue' and the position asserted by the government 'in defending the validity of the action in court.'" *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1227 (9th Cir. 1990) (*citations omitted*). If the underlying government action was not substantially justified, the Court need not determine whether the litigation position was substantially justified. *Andrew v. Bowen*, 837 F.2d 875, 880 (9th Cir. 1988).

A court's holding that an administrative determination was not supported by substantial evidence is a strong indication that the government's position was not substantially justified. *Thangaraja v. Gonzales*, 428 F.3d 870, 874 (9th Cir. 2005). "Indeed, it will be only a 'decidedly unusual case in which there is substantial justification under the EAJA even though the agency's decision was reversed as lacking in reasonable, substantial and probative evidence in the record.'" *Id.*, *quoting Al-Harbi v. Immigration & Naturalization Service*, 284 F.3d 1080, 1084 (9th Cir. 2002).

The Commissioner's substantial justification claim echoes his litigation position that the ALJ was justified in rejecting evidence of Plaintiff's psychiatric treatment and the opinion of the examining physician in favor of the limited and inconsistent determination of the agency's nontreating, nonexamining physician, Dr. Aquino-Caro. He continues to claim that the agency's rules are sufficiently flexible to permit the ALJ to favor the opinion of a non-examining source over an examining source: "[O]pinions from State agency medical and psychological consultants

3

and other program physicians and psychologists *may be entitled to greater weight* than the

opinions of treating or examining sources." Doc. 29 at 4, *quoting* SSR 96-6p (*emphasis added*

*by Commissioner*).   The Commissioner quotes the ruling out of context.   The portion from which

the quotation is lifted supports Plaintiff's position, not that of the Commissioner:

> Paragraphs 404.1527(f) and 416.927(f) provide that the rules for considering
> medical and other opinions of treating sources and other sources in paragraphs (a)
> through (e) also apply when we consider the medical opinions of nonexamining
> sources, including state agency medical and psychological consultants and other
> program physicians and psychologists.  The regulations provide progressively
> more rigorous tests for weighing opinions as the ties between the source of the
> opinion and the individual become weaker.  For example, the opinions of
> physicians or psychologists who do not have a treatment relationship with the
> individual are weighed by stricter standards, based to a greater degree on medical
> evidence, qualifications, and explanations for the opinions, than are required of
> treating sources.
>
> For this reason, the opinions of State agency medical and psychological
> consultants and other program physicians and psychologists can be given weight
> only insofar as they are supported by evidence in the case record, considering such
> factors as the supportability of the opinion in the evidence including any evidence
> received at the administrative law judge and Appeals Council levels that was not
> before the State agency, the consistency of the opinion with the record as a whole,
> including other medical opinions, and any explanation for the opinion provided by
> the State agency medical or psychological consultant or other program physician
> or psychologist.  The adjudicator must also consider all other factors that could
> have a bearing on the weight to which an opinion is entitled, including any
> specialization of the State agency medical or psychological consultant.
>
> In appropriate circumstances, *the opinions of State agency medical and
> psychological consultants and other program physicians and psychologists may
> be entitled to greater weight than the opinions of treating or examining sources.*
> For example, the opinion of a State agency medical or psychological consultant or
> other program physician or psychological consultant's opinion is based on a
> review of a complete case record that includes a medical report from a specialist
> in the individual's particular impairment which provides more detailed and
> comprehensive information than what was available to the individual's treating
> source.
>
> SSR 96-6p (*Commissioner's quotation emphasized*).

The Court declines the Commissioner's invitation to re-examine the substance of

Plaintiff's appeal.  Under the agency's rulings and regulations, an ALJ is not free to favor an

agency physician's inconsistent and unsupported opinion over the balance of the medical records

and the opinion of the agency's consulting physician in its decision.  A decision to defend an

ALJ's disregard of the procedures prescribed by the agency's own regulations and rulings is not a

substantially justified position.  *Arik v. Astrue*, 2011 WL 1576711 (N.D. Cal. April 26, 2011),

1 *report and recommendation adopted*, 2011 WL 2470907 (N.D. Cal. June 22, 2011) (No. C 08-

2 055664 SBA).  Similarly, the Court declines to play semantics with the Commissioner regarding

3 its rejection of the ALJ's completely unsupported conclusion that Plaintiff must have been drunk

4 when the consulting physician examined him and that Plaintiff had lied about his alcohol

5 consumption.

6       When the government violates its own regulations, its position is not substantially

7 justified.  *See Gutierrez v. Barnhart*, 274 F.3d 1255, 1259-60 (9th Cir. 2001); *Mendenhall v.*

8 *National Transportation Safety Board*, 92 F.3d 871, 877 (9th Cir. 1996); *Flores v. Shalala*, 49

9 F.3d 562, 572 (9th Cir. 1995).  The Commissioner's defense of an ALJ's basic and fundamental

10 errors renders its position before the district court substantially unjustified.  *Corbin v. Apfel*, 149

11 F.3d 1051, 1053 (9th Cir. 1998).  Such basic and fundamental errors include mischaracterizing

12 evidence, relying on an opinion of a non-examining physician that contradicts the clear weight of

13 the medical record, and discrediting the claimant's subjective complaints as inconsistent with the

14 medical record.  *See Aguiniga v. Astrue*, 2009 WL 3824077 at *3 (E.D. Cal. November 13, 2009)

15 (No. CIV S-07-0324 EFB).  Because the ALJ failed to follow the agency's rulings and

16 regulations, the Commissioner's position was not substantially justified.

17 **III.**    **Amount of Attorneys' Fees**

18       Arguing that the amount of fees sought exceeds the usual amount to be spent for a

19 "garden variety case," the Commissioner objects to the fees sought by Plaintiff's attorney.   He

20 criticizes the 26.4 hours spent preparing the confidential settlement letter and opening brief, as

21 well as the amount of time billed for unidentified telephone conferences, preparing and filing the

22 complaint, consenting to magistrate jurisdiction, and the paralegal's work related to the

23 summonses.  The Court agrees that the attorneys' bill is excessive.

24       Under the EAJA, attorneys' fees must be reasonable.  28 U.S.C. § 2412(d)(1)(A); *Perez-*

25 *Arellano,* 279 F.3d at 794.  The amount of the fee must be determined based on the case's

26 particular facts.  *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983).[1]  The Court determines the fee

27

28     [1] *Abrogated on other grounds by Texas State Teachers Ass'n  v. Garland Independent School District*, 489
U.S. 782 (1989)*; Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 518 (9th Cir. 2000).

based on the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, and must provide a concise and clear explanation of the reasons for its determination. *Id.* at 433, 437; *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001).  A court has wide latitude in determining the number of hours reasonably expended and may reduce the hours if the time claimed is excessive, redundant, or otherwise unnecessary.  *Cunningham v. County of Los Angeles*, 879 F.2d 481, 484 (9th Cir. 1988), *cert. denied*, 493 U.S. 1035 (1990).  The court has the obligation to exclude from the calculation any hours that were not reasonably expended on the litigation.  *Spegon v. Catholic Bishop of Chicago*, 175 F.3d 544, 550 (7th Cir. 1999) (*internal quotations omitted).*

### A.   Attorney's Time

#### 1.   Briefing

Plaintiff's attorney billed 33.2 hours for reviewing the administrative record and preparing briefs.  This time is excessive given the brevity of the record and nature of Plaintiff's claims on appeal.  The Court will approve a total of 24.6 hours for review of the record and briefing of Plaintiff's case in chief, determined as follows.

On March 29, 2010, counsel reviewed the administrative record and prepared a memorandum to the file, billing 1.8 hours.  On November 4, 2010, following receipt of the Commissioner's answer to the complaint, counsel again reviewed the record and prepared a memo to the file, billing 2.4 hours.  Since counsel certainly reviewed the record before filing the complaint and since the *pro forma* nature of both the complaint and the answer introduced no substantive issues, the second review was duplicative and unnecessary.  The Court disallows the 2.4 hours billed on November 4, 2010.

On February 26, 27, and 28, 2011, counsel billed a total of 17.6 hours, nearly three full days, for preparation of Plaintiff's opening brief, which included twenty pages of substantive material.  The Court disallows 5.6 hours of this amount.

The Court accepts counsel's claims for preparation of the confidential settlement letter (2/7/11; 6.4 hours) and for review of the Commissioner's brief and preparation of a response (4/12/11; 4.4 hours).

### 2.    Telephone Conferences

The Court concurs with the Commissioner's observation that Plaintiff's counsel billed an unusual number of telephone conferences with their client, claiming 1.95 hours on March 8, 16, 18, 23, and 24, 2010; April 20 and 21, 2010; and February 21, 2011.  The lack of detail of the time statements makes it impossible for the Court to analyze the nature of the "telephone conference" entries.  Such nebulous entries provide no clue whether the purpose of the telephone call reasonably required it to be handled by an attorney or whether the purpose was one that could appropriately and economically have been handled by other staff, for example, a reminder to return documents.  The Court reduces the time attributable to the telephone calls by approximately one-half, allowing one hour.

### 3.    Review of Correspondence and Documents

Plaintiff's attorney billed of a minimum of .2 hour each time he reviewed an incoming or outgoing document or item of correspondence, no matter how perfunctory a review was appropriate.  In addition, even when the nature of an incoming document could be expected to speak for itself, the attorney consistently billed for a memorandum to the file.  The cumulative effect of the many individual entries greatly inflates the billed time.  In this case, the attorney billed a total of 1.8 hours, including the August 12, 2011 entry which includes the preparation of a "long letter to [the] client."  The Court will reduce the amount of time allowable to attorney review, permitting 1.2 hours.

### 4.    Motion to Alter or Amend Judgment

Plaintiff's attorney billed 4.2 hours for activities connected with the Commissioner's motion to alter or amend the judgment, including .5 hours to review the Court's order denying the motion and prepare the inevitable memorandum to the file.  The Court will allow four hours for these activities.

### 5.    EAJA Application

Plaintiff's attorney billed 1.55 hours for initial preparation of the EAJA application, allocated .5 hours to compiling the billing summary and preparing a meet-and-confer letter to the Commissioner; .3 hours for e-mails to the Commissioner; and .75 hours to draft and review

EAJA pleadings.  Other than the time summary, the EAJA pleadings are largely boilerplate documents that could be easily compiled by a competent legal secretary.  The Court will allow .8 hours for this activity.

Counsel billed an additional 1.6 hours to review the Commissioner's EAJA brief and prepare a response.  "A request for attorney's fees should not result in a second major litigation." *Hensley*, 461 U.S. at 437.  Once Plaintiff has presented his fee request and the Commissioner has had an opportunity to set forth his objections to the requested fees, the Court is generally able to review the record without further briefing.  In the absence of some unexpected or unsupportable argument in the Commissioner's brief, extensive further briefing and argument is unnecessary and inappropriately billed.  The Commissioner having argued that his position was substantially justified, however, the amount billed by Plaintiff's attorney appears reasonable in light of the need for a response.  The Court will allow it in full.

### 6.  Summary.

The Court approves 33.2 hours of attorney services, allocated 3.15 hours to 2010 ($551.44 at $175.06 per hour) and 30.05 hours to 2011 ($5959.73 at $179.51 per hour), for total fees of $6511.17.

### B.  Paralegal Time

Attorneys and paralegals may not legitimately bill for clerical or secretarial work. *Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989).  "'It is appropriate to distinguish between legal work, in the strict sense, and investigation, clerical work, compilation of facts and statistics and other work which can often be accomplished by nonlawyers but which a lawyer may do if he has no other help available.'" *Id.*, quoting *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717 (5th Cir. 1974).  "[T]he court should disallow not only hours spent of tasks that would normally not be billed to a paying client, but also those hours expended by counsel on tasks that are easily delegable to non-professional assistance." *Spegon*, 175 F.3d at 553 (*internal quotations omitted).* Clerical work may not be billed since it is part of a law firm's overhead. *Jones v. Armstrong Cork Co.*, 630 F.2d 324, 325-26 (5th Cir. 1980).  *Cf., Nadarajah v. Holder*, ///

569 F.3d 906, 921 (9th Cir. 2009) (reducing paralegal bills to account for erroneous billing of clerical work performed by paralegal).

The Court finds that much of the work billed by Plaintiff's paralegal is clerical work that could have been handled by a competent secretary. This includes the March 12, 2010 letter to client transmitting a checklist of information needed to apply to file *in forma pauperis*; the March 30 preparation of the complaint, the application to proceed *in forma pauperis*, and transmitting correspondence; the April 26, 2010 review of the new case information materials from the Clerk of Court; the January 24, 2011 preparation of stipulation and proposed order forms; the April 12, 2011 preparation of Plaintiff's response brief for electronic filing; August 24, 2011 preparation for filing of Plaintiff's response to the Commissioner's motion to amend judgment; the November 7, 2011 preparation of the EAJA pleadings and November 8, 2011 conversion of the documents to PDF format.

As was the case with Plaintiff's attorney, the paralegal's billing statement offers no explanation for the 1.45 hours billed for telephone conferences. The nature of the paralegal's electronic correspondence with the Court and opposing counsel is similarly undocumented. Finally, there is no clear purpose for the paralegal's review of various documents reviewed from the Court and opposing counsel.

Portions of the paralegal's work undoubtedly required performance by an educated legal paraprofessional. Because the time statement is insufficiently detailed to permit the Court to identify and separate clerical work from work requiring a paraprofessional, the Court reduces Plaintiff's claim for paralegal services to five hours. Accordingly, the Court grants paralegal fees in the total amount of $530.00.

**III.     Payment of Fees Directly to Attorney**

Attorneys' fees payable under the EAJA (28 U.S.C. § 2412(d)) are appropriately payable to the prevailing litigant, not his or her attorney. *Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010). This is because that a fee award under the EAJA is subject to offset for application to federal debts owed by the prevailing party under the Treasury Offset Program (31 U.S.C. § 3716). *Id.* When the party has assigned his or her right to attorneys' fees to his or her attorney, the

government may ultimately direct the payment to the assignee if the prevailing party does not owe a debt to the government. *Id.* at 2529.  In this case, Plaintiff does not claim to have exercised an assignment in favor of his attorneys.

**IV.**   **Conclusion and Order**

In accordance with the foregoing, this Court AWARDS to Plaintiff attorneys' fees under the EAJA of $6511.17 attributable to the work of Plaintiff's attorney and $530.00 attributable to Plaintiff's paralegal, for a total fee award of $7041.17.  This amount is payable to Plaintiff in compliance with *Ratliff*, 130 S.Ct. at 2524.


IT IS SO ORDERED.

**Dated:   December 21, 2011                     /s/ Sandra M. Snyder**
                                        UNITED STATES MAGISTRATE JUDGE